Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:                          Opinion No. 0-6611
                                   Re: Compensation of the
                                        County Treasurer of
                                        Gregg County.

          In your letter of May 23, 1945, referring to our
Opinion No. 0-6575, you stated as follows:

          "In this opinion you used the following
          language, 'The county treasurer is mentioned
          in said Section 13, and the law authorized a
          maximum compensation of more than $3600.00
          for the county treasurer for the fiscal year
          of 1944.  This being true, said S. B. No. 123
          is not applicable to the county treasurer of
          Gregg County.'

          "The county treasurer has been paid under
          and by virtue of Article 3943 as amended Acts
          1937, 40th Legislature and Acts 1941, 47th
          Legislature.  According to this Article 4943
          the treasurer of this county may receive a
          salary of $2700.00 annually.

          "The population of Gregg County is 58,027
          and the last assessed tax valuation is more
          than one hundred and three million.

          "Question:  What should the treasurer of
          this couonty receive as compensating?"

          Section 13 of Article 3912e, Vernon's Annotated
Civil Statutes, is in part as follows:

          "The Commissioners' Court in counties
          having a population of twenty thousand (20,000)
          inhabitants or more, and less than one hundred
          and ninety thousand (190,000) inhabitants ac-
          cording to the last preceding Federal Census,
          is hereby authorized, and it shall be its duty
          to ifx the salaries of all the following named
          officers, to-wit: sheriff, assessor and collector
          of taxes, county judge, county attorney, includ-
          ing criminal district attorneys and county at-
          torneys who perform the duties of district
          attorneys, district clerk, county clerk,
          treasurer, hide and animal inspector.  Each of
          said officers shall be paid in money an annual
          salary in twelve (12) equal installments of not

less than the total sum earned as compensation
by him in his official capacity for the fiscal
year 1935, and not more than the maximum amount
allowed such officer under laws existing on
August 24, 1935; provided that in counties having
a population of twenty thousand (20,000) and less
than thirty-seven thousand five hundred (37,500)
according to the last preceding Federal Census,
and having an assessed valuation in excess of
Fifteen Million ($15,000,000.00) Dollars, accord-
ing to the last approved preceding tax roll of
such county the maximum amount allowed such
officers as salaries may be increased one (1%)
per cent for each One Million ($1,000,000.00)
Dollars valuation or fractional part thereof,
in excess of said Fifteen Million ($15,000,000.00)
Dollars valuation over and above the maximum
amount allowed such officers under laws exist-
ing on August 24, 1935; and provided that in
counties having a population of thirty-seven
thousand five hundred (37,500) and less than
sixty thousand (60,000) according to the last
preceding Federal Census, and having an assessed
valuation in excess of Twenty Million ($20,000,000.00)
Dollars, according to the last preceding approved
tax roll of such county, the maximum amount al-
lowed such officers as salaries, may be increased
one (1%) per cent for each One Million ($1,000,000.00)
Dollars valuation or fractional part thereof, in ex-
cess of said Twenty Million ($20,000,000.00) Dollars
valuation over and above the maximum amount allowed
such officer under laws existing on August 24,1935."

Gregg County had a population of 15,778 inhabitants
according to the 1930 Federal Census. Said County has a
population of 58,027 inhabitants according to the 1940 Fed-
eral Census. Section 13 of Article 3912e is applicable to
those counties having a population of 20,000 inhabitants
or more, and less than 190,000 inhabitants according to the
last preceding Federal Census. Said Section 13 is appli-
cable to Gregg County.

As Gregg County had a population of 15,778 inhabi-
tants according to the 1930 Federal Census, the maximum
amount of compensation which the county treasurer could
retain under laws existing on August 24, 1935, was the
sum of $2,000.00 per annum, unless the assessed tax value
of said county was $100,000,000.00 or more, as shown by
the preceding assessment roll. If the assessed value of
the property of said county was $100,000,000.00 or more, as
shown by the preceding assessment roll, the county treasurer

could have legally retained the sum of $2700.00 for the year 1935 under laws existing on August 24, 1935.

Since the population of Gregg County is 58,027 inhabitants according to the 1940 Federal Census, the provisions of Article 3912e, Section 13, with reference to a 1% increase salary for each Million Dollars valuation in excess of twenty million dollars apply to said county. There being 83 million dollars valuation in excess of 20 million dollars valuation in Gregg County, the county treasurer can be allowed, if the Commissioners' Court so decides, a salary increase of 83% on the sum of $2,000.00 - provided the compensation of the county treasurer for the year 1935 was $2,000.00 - which amounts to the sum of $3,660.00. If the compensation allowed the county treasurer for the year 1935 was the sum of $2,700.00, the county treasurer could be allowed, if the Commissioners' Court deems proper, a salary increase of 83% on the sum of $2,700.00, which amounts to the sum of $4,941.00.

Articles 3941, 3942, and 3943, V. A. C. S., pertain to the compensation of county treasurers in counties where the county officials are compensated on a fee basis. As the county officials of Gregg County are compensated on a salary basis, the foregoing statutes would not be applicable regarding the compensation of the county treasurer of Gregg County. The compensation of the county treasurer of said county would be controlled by Section 13 of Article 3912e.

In connection with what has been said with reference to the compensation of the county treasurer, we direct your attention to our Opinion No. 0-6580, addressed to you, wherein it is stated, "we wish to point out that where the annaul aalaries of county officials operating under the Officers' Salary Law have been set, same may not be increased or decreased during the year but may be increased or decreased the following year within the limitations prescribed by Law."

When the Commissioners' Court fixes the salary of the county treasurer, said court is authorized to fix the compensation of the county treasurer at a sum not less than the total sum earned as compensation in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. As Gregg County has a population of 58,027 and an assessed valuation of 103 million dollars according to the last preceding approved tax roll of said county, the maximum amount allowed the county treasurer as compensation may be increased 1% for each one million dollars valuation

Honorable R. S. Wyche, page 4

or fractional part thereof in excess of said 20 million dollars valuation over and above the maximum amount allowed such officer under laws existing on August 24, 1935.

                                        Yours very truly,

                                   ATTORNEY GENERAL OF TEXAS


                          By
                                        Ardell Williams(S)
                                             Assistant

AW:LJ:bg


APPROVED MAY 28, 1945
Carlos C. Ashley (S)
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED OPINION COMMITTEE
By  BWB chairman